UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE STEVEN STANTON & KATHERINE MARIE LAGASSE,<br><br>*Debtors*,<br><br>STEVEN STANTON & KATHERINE MARIE LAGASSE,<br><br>*Appellants*,<br><br>v.<br><br>TEMECULA VALLEY BANK,<br><br>*Appellee*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION H-07-670<br>§<br>§<br>§<br>§<br>§ BANKRUPTCY CASE NO. 05-91230-H1-7<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION & ORDER**

Pending before the court is an appeal by Debtors Steven Stanton and Katherine Lagasse from the bankruptcy court's judgment denying a discharge of debts pursuant to 11 U.S.C. § 727(a)(4)(A). Advers. Dkt. 39. After considering the arguments of counsel, the evidence of record, and the applicable law, the Appellants' points of error are **OVERRULED**. The bankruptcy court's decision is **AFFIRMED**.

**I. BACKGROUND**

On August 31, 2004, Dr. Steven Stanton purchased a podiatry practice (the "Practice") owned and operated by Dr. Herrin. Advers. Dkt. 28 at 1. The Practice was and continues to be known as Cy-Fair Family Foot Care. *Id.* To purchase the Practice, Dr. Stanton borrowed $336,000 from Temecula Valley Bank ("Appellee") and executed a Promissory Note payable to the Appellee, pursuant to a SBA guarantee loan program. *Id.* The Note is secured by assets of the Practice. *Id.*

On August 31, 2004, Dr. Stanton's wife, Katherine Lagasse, executed an Unconditional Guarantee in which she unconditionally guaranteed Dr. Stanton's performance under the Note. *Id.* Dr. Stanton and Ms. Lagasse (collectively, the "Appellants") defaulted under the terms of the Note, Security Agreement, and Guarantee. *Id.*

On October 14, 2005, Appellants filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. Dkt. 4 at 1. Appellants filed their schedules and statement of financial affairs on October 31, 2005. *Id.* On December 23, 2005, Appellants filed amended schedules B, C, and F and an amended statement of financial affairs. *Id.* Appellants' Rule 2004 examinations were taken on March 30, 2006 in which inaccuracies and omissions in the Appellants' schedules and statements of financial affairs were discovered. *Id.* A day after the Rule 2004 examinations Appellants filed amended schedules A, B, C, D, E, F, and G and an amended statement of financial affairs, among other documents. *Id.*

On April 3, 2006, Appellee filed its adversary proceeding seeking a determination that Appellants should be denied a discharge of Appellee's claim pursuant to 11 U.S.C. §§ 523(a)(6), & 727(a)(2), (4), and (6). *See* Advers. Dkt. 1. On August 7, 2006, Appellee filed a motion for summary judgment with respect to its Section 727(a)(4)(A) claim urging the bankruptcy court to deny Appellants' discharge based on the falsity, incompleteness, and inaccuracy of the schedules and statement of financial affairs. Advers. Dkt. 17 at 14–16. Appellants timely responded. Advers. Dkt.

18. As grounds to support a denial of discharge under § 727(a)(4)(A),[1] the Appellee cited the following inaccuracies or omissions:

- The Appellants did not list any names other than Steven James Stanton and Katherine Marie Lagasse despite instructions to list all names used by the Appellants in the last six years, including trade names. The Appellants admit Dr. Stanton's practice did business as Northeast Podiatry and as Cy-Fair Family Foot Care during the relevant period.

- The Appellants failed to list Ms. Lagasse's ownership interest in real property located in Peru. The Appellants' schedules were later amended to disclose this interest, valuing the interest as "unknown."

- The Appellants initially stated on Schedule B that they do not have an interest in accounts receivables. Amended Schedule B discloses approximately $43,000 in accounts receivables.

- The Appellants stated on Schedule B that their interest in office furniture and equipment is valued at approximately $15,000. Prior to filing the Chapter 7 petition, however, the Appellants valued the office furniture and equipment at $160,000 in their 2004 tax returns. Post-petition, the Appellants valued the property at $160,000 in their 2005 tax returns.

- The Appellants did not schedule any goodwill associated with the purchase of the Practice. The Appellants amortized $120,000 of goodwill both in their 2004 and 2005 tax returns. Amended Schedule B discloses the Appellants' interest in goodwill with the value listed as "unknown."

- The Appellants did not schedule ad valorem tax obligations or various federal and state employee taxes. The Appellants' schedules were subsequently amended to include such amounts.

- Post-petition, the Appellants have continued collecting their account receivables, paying pre-petition bills and conducting their business as if a bankruptcy case was not filed.

---

[1] As discussed in detail below, the following are elements of an objection to a discharge under § 727(a)(4)(A): (1) the debtor made a statement under oath; (2) such statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent, and (5) the statement related materially to the bankruptcy case.

3

- The Appellants failed to disclose the gross income from Dr. Stanton's businesses on their statement of financial affairs. The statement of financial affairs was subsequently amended to disclose these amounts.

- The Appellants' statement of financial affairs shows that they did not operate any businesses.

- The Appellants did not disclose any possible causes of action against Dr. Herrin and Medical Maven (the broker of the Practice) despite accusations that they are responsible for the appellants' perilous financial circumstances.

- The Appellants failed to disclose any executory contracts used in connection with the Practice. Amended schedule G now discloses such contracts.

- The Appellants have used the Appellee's case collateral without the Appellee's consent or a court order authorizing its use.

Advers. Dkt. 17.

On November 8, 2006, the bankruptcy court issued its Order Denying Summary Judgment and Setting Trial, finding that the Appellants made statements under oath, that such statements were false, that the Appellants knew such statements were false, and that the false oaths related materially to the bankruptcy case. Advers. Dkt. 28. However, the court held that a genuine issue of material fact remained as to whether the Appellants made false statements *with fraudulent intent*. *Id.* at 8. The bankruptcy court's ruling hinged on evidence presented by Appellants to refute Appellee's *prima facie* case of fraudulent intent. *Id.* Although the evidence was minimal, the court declined to grant summary judgment under these circumstances. *Id.*

After a one-day trial, the bankruptcy court entered judgment denying Appellants' discharge pursuant to 11 U.S.C. § 727(a)(4)(A). Advers. Dkt. 39. It did so based on evidence that appellants made false statements and omissions in their schedules and statement of financial affairs with

fraudulent intent.[2]  *Id.*  In finding the Appellants were not entitled to a discharge based on their wrongful acts, the court focused on the Appellants failure to list any accounts receivables and failure to list all the creditors for the Practice in the appropriate schedules.  Advers. Dkt. 75 at 150-51.  These omissions, the court concluded, were not innocent but rather an attempt by the Appellants to save their business.  *Id.* at 150.  As such, the bankruptcy court concluded the Appellee had met its burden of proof and denied the Appellants' discharge.  *Id.* at 153.  The Appellants appealed the bankruptcy court's decision on April 19, 2007.  *See* Dkt. 3.  On April 26, 2007, the Appellee responded.  *See* Dkt. 4.

## II. LEGAL STANDARDS

On appeal, Appellants contend the bankruptcy court erred in denying the discharge of their debts based on its finding that Appellee established each element of 11 U.S.C.§ 727(a)(4)(A).  Specifically, Appellants assert reasonable reliance on their attorney's advice as a defense to the bankruptcy court's finding that they made statements with fraudulent intent.  This defense, Appellants argue, absolves them from the court's adverse finding.  Moreover, they contend the bankruptcy court erred in placing the burden of proof on them to disprove fraudulent intent by a preponderance of the evidence.

**1.     Standard of Review**

In reviewing a decision of the bankruptcy court, this court functions as an appellate court, applying the standards of review generally applied in federal court appeals.  *Webb v. Reserve Life*

---

[2] Because a debtor is unlikely to testify under oath that he or she fraudulently intended to omit assets, the court may infer fraudulent intent under § 727(a)(4)(A) when it is demonstrated that the debtor exhibited a reckless indifference to the truth.  *Sholdra v. Chilmark* (*In re Sholdra*), 249 F.3d 380, 382 (5th Cir. 2001).

*Ins. Co.* (*In re Webb*), 954 F.2d 1102, 1103–04 (5th Cir. 1992); *see also Coston v. Bank of Mavren* (*In re Coston*), 991 F.2d 257, 261 n.3 (5th Cir. 1993) (en banc) (citing *Griffith v. Oles* (*In re Hipp, Inc.*), 895 F.2d 1503, 1517 (5th Cir. 1990)). Conclusions of law are reviewed *de novo*, *Summit Coffee Co. v. Herby's Foods, Inc.* (*In re Herby's Foods, Inc.*), 2 F.3d 128, 131 (5th Cir. 1993), while findings of fact, whether based on oral or documentary evidence, are not to be set aside unless clearly erroneous. *See* FED. R. BANKR. P. 8013; *see also In re Herby's Foods*, 2 F.3d at 130–31. A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *Allison v. Roberts* (*In re Allison*), 960 F.2d 481, 483 (5th Cir. 1992). In conducting this review, this court remains "particularly mindful of the 'opportunity of the bankruptcy judge to determine the credibility of the witnesses.'" *Young v. Nat'l Union Fire Ins. Co.* (*In re Young*), 995 F.2d 547, 548 (5th Cir. 1993) (quoting FED. R. BANKR. P. 8013).

**2.     11 U.S.C. § 727(a)(4)(A): False Oaths**

Any debtor who files a Chapter 7 petition has a continuous, affirmative duty to disclose the following in a complete and accurate manner: (a) a list of creditors; (b) schedules of assets, liabilities, current income, and current expenditures; and (c) a statement of financial affairs. *Browning Mfg. v. Mims* (*In re Coastal Plains, Inc.*), 179 F.3d 197, 208 (5th Cir. 1999). Section 727(a)(4)(A) provides that a court "shall grant the debtor a discharge unless ... the debtor knowingly or fraudulently, in or in connection with the case ... made a false oath or account." A party objecting to a debtor's discharge has the burden of proving (1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case.

*Beaubouef v. Beaubouef* (*In re Beaubouef*), 966 F.2d 174, 178 (5th Cir. 1992). These elements must be proven by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S. Ct. 654, 660 (1991).

False oaths may be in the form of either false statements or omissions on the schedule and statement of financial affairs or false statements by the debtor during the course of the bankruptcy proceedings. *Gebhardt v. Gartner* (*In re Gartner*), 326 B.R. 357, 366 (Bankr. S.D. Tex. 2005) (Bohm, J.) (citing *In re Beaubouef*, 966 F.2d at 178). However, not every omission results in judgment for the objecting party. *Cadle Co. v. Pratt* (*In re Pratt*), 411 F.3d 561, 566–67 (5th Cir. 2005). The omission must be material. *Id.* "The subject matter of a false oath is 'material' and thus sufficient to deny discharge if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence or disposition of his property." *Tillery v. Hughes* (*In re Hughes*), 184 B.R. 902, 909 (Bankr. E.D. La. 1995) (citing *Chalick v. Moorefield* (*In re Chalick*), 748 F.2d 616, 618 (11th Cir. 1984)).

### 3.     **Advice-of-Counsel Defense**

A party may not attempt to assert on appeal an issue that was not raised and tried in the court below. *Gilchrist v. Westcott* (*In re Gilchrist*), 891 F.2d 559, 561 (5th Cir. 1990). The Fifth Circuit stated this rule succinctly in the *Gilchrist* decision: "The district court was correct [in refusing to consider an argument not raised at the appropriate stage in the proceeding], and we do likewise. It is well established that we do not consider arguments or claims not presented to the bankruptcy court." *Id.* (citing *Moody v. Empire Life Ins. Co.* (*In re Moody*), 849 F.2d 902, 905 (5th Cir. 1988)). Accordingly, all arguments or claims, including an advice-of-counsel defense, not raised by an

appellant before the bankruptcy court, but nonetheless presented by an appellant on appeal, should not be considered by this court.

Even where the reliance on the advice-of-counsel defense is properly raised, however, it is not generally successful unless a debtor's reliance is reasonable and in good faith. *Morton v. Dreyer* (*In re Dreyer*), 127 B.R. 587, 597 (Bankr. N.D. Tex. 1991). Typically, if an item is omitted upon the honest advice of counsel, to whom the debtor has disclosed all pertinent facts, the item will not be deemed falsely omitted. *Hibernia Nat'l Bank v. Perez*, 124 B.R. 704, 710 (Bankr. E.D. La. 1991), *aff'd*, 954 F.2d 1026 (5th Cir. 1992); *InterFirst Bank Greenville, N.A. v. Morris* (*In re Morris*), 58 B.R. 422, 427 (Bankr. N.D. Tex. 1986). However, "the advice of counsel is not a defense when it is transparently plain that the property should be scheduled." *Perez*, 124 B.R. at 710 (Bankr. E.D. La. 1991) (quoting *In re Mascolo*, 505 F.2d 274, 277 n.4 (1st Cir. 1974)). In short, a debtor must accept responsibility for the information in the statements and schedules. *In re Dreyer*, 127 B.R. at 597.

**4. The Objecting Party's Burden of Proof**

Bankruptcy Rule 4005 reads: "At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection." FED. R. BANKR. P. 4005. Thus, the burden of persuasion rests at all times on the creditor objecting to the discharge. In practice, this means the objecting party first has the burden to establish a reasonable basis for believing that the bankrupt has committed an act which would preclude a discharge. *Connelly v. Michael*, 424 F.2d 387, 389 (5th Cir. 1970). When the creditor has met this burden, the burden of going forward with the evidence

is then upon the bankrupt to demonstrate that he has not committed any of the alleged acts.[3]  *Id.*  If the debtor fails to offer credible evidence after the creditor has established a *prima facie* case, the debtor shall be denied discharge from his debts.  *First Tex. Savings Ass'n, Inc. v. Reed* (*In re Reed*), 700 F.2d 986, 992–93 (5th Cir. 1983).

### III. ANALYSIS

**1.      Appellants' Reliance on Their Attorney's Advice is No Defense to Discharge**

Relying on an advice-of-counsel defense, Appellants contend the bankruptcy court erred in rendering judgment denying their discharge pursuant to 11 U.S.C. § 727(a)(4)(A).  In an attempt to convince this court to reverse the bankruptcy court's decision, Appellants look to decisions from bankruptcy courts in North Dakota, Indiana, and Florida for the proposition that reasonable reliance on an attorney's advice absolves them from any finding of fraudulent intent.  *See Rutland v. Peterson* (*In re Peterson*), 323 B.R. 512, 519–20 (Bankr. N.D. Fla. 2005); *American State Bank v. Montgomery* (*In re Montgomery*), 86 B.R. 948, 958 (Bankr. N.D. Ind. 1988), *abrogated on other grounds*, *Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S. Ct. 654 (1991); *Kaler v. Craig* (*In re Craig*), 195 B.R. 443, 452 (Bankr. D.N.D. 1996).[4]  Appellants point only to the trial transcript as evidence of this alleged reliance.  In particular, Appellants focus on their attorney's line of questioning as proof that she was fully informed of the Appellants' state of affairs but nonetheless advised them (1) to initially schedule "none" for the accounts receivables, (2) to continue operating

---

[3] Rule 4005 "leaves to the courts the formulation of rules governing the shift of the burden going forward with the evidence in light of considerations such as difficulty of proving the nonexistence of a fact and of establishing a fact as to which the evidence is like to be more accessible to the debtor than to the objector."  FED. R. BANKR. P. 4005 accompanying note.

[4] In doing so, the Appellants fail to address cases that require a debtor to make a showing of both reasonable reliance and *good faith* in order to avail himself of the advice-of-counsel defense.  *In re Dreyer*, 127 B.R. at 597 (emphasis added).

the Practice and collecting pre-petition receivables, and (3) to wait until after March 31, 2006 to fully amend the schedules and statement of financial affairs. *See* Advers. Dkt. 75 at 49, 81, 102, 133-34.

In response, Appellee argues that Appellants are barred from asserting the advice-of-counsel defense on appeal because it was not affirmatively pled or argued below. *See In re Sholdra*, 249 F.3d at 383; *In re Gilchrist*, 891 F.2d at 559. Looking to the pleadings and trial testimony, Appellee asserts there was no evidence produced or arguments presented that the inaccuracies and omissions in Appellants' schedules were due to reliance on counsel's advice. Even if there was evidence of advice of counsel, they contend, such reliance must be reasonable and in good faith. *In re Gartner*, 326 B.R. at 374. Citing Judge Bohm's well-reasoned opinion in *Dreyer*, Appellee suggests that because Appellants acknowledged reading and signing the schedules and statement of financial affairs and that the bankruptcy court found that the Appellants' intent was to protect the Practice from the bankruptcy process, the Appellants did not reasonably or in good faith rely on the advice of counsel. The court agrees.

While a debtor may defend against claims under Section 727(a)(4)(A) by asserting reliance on attorney advice, *In re Gartner*, 326 B.R. at 374, the Fifth Circuit has firmly established that the defense first must be asserted in the bankruptcy court before this court may consider it on appeal. *In re Sholdra*, 249 F.3d at 383. Even where the defense is properly asserted, it is only available if the debtor's reliance was reasonable and in good faith. *In re Dreyer*, 127 B.R. at 597. "[T]he reasonableness of the debtor's reliance is undermined where the debtor has admitted under oath to having read and signed the Schedules and Statement of Financial Affairs . . . . Evidence of the debtor's intent to omit information from the bankruptcy petition undermines the debtor's assertion of good faith." *Id.* (citation omitted).

10

In the case before the court, Appellants simply alluded to the advice-of-counsel defense during their trial testimony. As an affirmative defense, these allusions were insufficient to preserve the issue, and this defense cannot be raised by Appellants for the first time on appeal.

Moreover, even if this defense was properly asserted in the court below, Appellants' reliance on their attorney's advice was unreasonable and lacked good faith. During the Rule 2004 examinations and trial, Appellants admitted to reading and executing both the original schedules and statement of financial affairs, as well as the amended schedules and statements of financial affairs, under penalty of perjury. They also admitted that their initial filings were incorrect and incomplete.[5] *See* Advers. Dkt. 28 at 5. As a matter of law, reliance on advice of counsel is no defense to an action under 11 U.S.C. § 727(a)(4)(A) where the debtor has knowingly sworn to false information. *See In re Sholdra*, 249 F.3d at 383 (citing *Perez*, 124 B.R. at 710 ("[T]he advice of counsel is not a defense when it is transparently plain that the property should be scheduled.")).

Furthermore, the number of inaccuracies and omissions made throughout the bankruptcy proceeding by the Appellants make their assertion of reasonable reliance even less convincing. "[T]he cumulative effect of all the falsehoods together evidences a pattern of reckless and cavalier disregard for the truth [to support] fraudulent intent." *In re Sholdra*, 249 F.3d at 383 (quoting *Economy Brick Sales, Inc. v. Gonday* (*In re Gonday*), 27 B.R. 428, 432 (Bankr. M.D. La. 1983)). Although Appellants amended their schedules and statement of financial affairs to reflect the Practice's accounts receivables, their real property interest in Peru, local business vendors, and

---

[5] For example, Appellants admit to failing to disclose the business names associated with the Practice and possible causes of action against Dr. Herrin and Medical Maven. Similarly, Appellants admit to not scheduling accounts receivables for the Practice in their initial schedules. *See* Advers. Dkt. 28 at 5-6.

goodwill, these amendments do not negate the fact that Appellants knowingly made false oaths in their original schedules and statements of financial affairs. *See In re Sholdra*, 249 F.3d at 382–83. Furthermore, Appellants amended their schedules only after inaccuracies were discovered during their Rule 2004 depositions. "The decision to amend the Schedules only after untruths are discovered is evidence of fraudulent intent." *In re Gartner*, 326 B.R. at 375. Likewise, instead of liquidating their assets as required under Chapter 7, Appellants made a calculated decision to continue to operate a business when they no longer had a legal right to do so.[6] In light of these circumstances, the bankruptcy court was correct in finding that Appellants knowingly made false statements in their schedules and statement of financial affairs with fraudulent intent. Appellants' first point of error is overruled.

2.  **Appellants are Required to Offer Credible Evidence After a Creditor Makes a *Prima Facie* Case for Discharge**

Appellants next assert that the bankruptcy court erred in shifting the burden of proof and requiring them to disprove fraudulent intent. The burden of proof in a Section 727(a)(4)(A) action rests squarely on the objecting party. *In re Reed*, 700 F.2d at 992; *McLaren v. McLaren (In re McLaren)*, 236 B.R. 882, 893 (Bankr. D.N.D. 1999). For debtors who knowingly and fraudulently make false oaths or accounts, the harsh remedy of a complete bar to discharge must be construed liberally in favor of the debtor and strictly against the objecting party. *In re McLaren*, 236 B.R. at 893. Appellants suggest that the court erred by construing these initial omissions strictly against *them*, the nonmovants, because the initial failure to list assets and liabilities of the Practice was

---

[6] Appellants admitted in their deposition and during trial to taking affirmative action to collect accounts receivables.

allegedly due to ignorance of the bankruptcy forms, clerical errors, and mistaken reliance on their attorney's advice.

Appellee in turn argues that through its summary judgment evidence and argument, it established a *prima facie* case for denial of discharge under Section 727(a)(4)(A). The Fifth Circuit has held that while the burden of persuasion rests at all time on the creditor objecting to the discharge, the debtor cannot prevail if he fails to offer credible evidence after the creditor has established a *prima facie* case. *See In re Reed*, 700 F.2d at 992. To make its case, Appellee relies on the bankruptcy court's ruling on its motion for summary judgment. Although the bankruptcy court concluded that Appellants had established minimal evidence to excuse their false oaths and in doing so, denied summary judgment, it also found that "[t]he Debtors' Schedules were false because they failed to list Dr. Stanton's trade names and failed to schedule the Debtors' interest in the Peru property, accounts receivable, goodwill, potential causes of action and the Debtors' gross income from operating their business." Advers. Dkt. 28 at 5. According to the Appellee, the bankruptcy court was simply acting out of an abundance of caution in allowing Appellants the opportunity at trial to offer "credible evidence" to rebut the creditor's *prima facie* case. *See In re Reed*, 700 F.2d at 992. The court agrees.

"It is axiomatic that the party objecting to a discharge has the burden *to establish a reasonable basis* for believing that the bankrupt has committed an act which would prevent a discharge in bankruptcy." *Connelly*, 424 F.2d at 389 (emphasis added). Once this burden has been met, the burden of going forward with the evidence is shifted to the debtor to rebut the creditor's case. *Id.* In the instant case, Appellee presented evidence to establish a reasonable basis for believing that the Appellants knowingly and fraudulently made false oaths in their schedules and statement of financial affairs. Because a court cannot weigh the evidence at the summary judgment

stage, however, the bankruptcy court denied Appellee's motion for summary judgment and allowed the parties to proceed to trial on the issue of whether or not Appellants could establish an excuse rebutting the Appellee's proffer of evidence. *See* Advers. Dkt. 28 at 8. Thus, the bankruptcy court did not improperly shift the burden of persuasion but instead simply required Appellants to offer credible evidence that they did not file fraudulent bankruptcy documents. The discretion of a court to shift the burden of going forward with the evidence from the objector to the debtor has been recognized explicitly by the Fifth Circuit and implicitly by Congress. *See In re Reed*, 700 F.2d at 992–93; *Connelly,* 424 F.2d at 389; FED. R. BANKR. P. 4005 accompanying note. Accordingly, Appellants' second point of error is also overruled.

## IV. CONCLUSION

"To release an honest, unfortunate, and insolvent debtor from the burden of his debts and to restore him to business activity, in the interest of society, is one of the most important objects of the law . . . ." *White v. Brown Shoe Co.*, 30 F.2d 674, 674–75 (5th Cir. 1929). However, the success of the bankruptcy system hinges upon a debtor's veracity and willingness to make full disclosure. *In re Hughes*, 184 B.R. at 909. The Appellants' failure to disclose accounts receivables or goodwill associated with the Practice, failure to list potential lawsuits, failure to list all trade names, failure to list gross personal income, and failure to list Ms. Lagasse's partial interest in property in Peru until the March 2006 amendments are crucial issues to those interested in the administration of Appellants' estate. The cumulative effect of these initial omissions, along with Appellants' decision to amend their schedules and statement of financial affairs only after falsehoods were discovered during their depositions, evidence knowing and fraudulent false oaths prohibited by Section 727(a)(4)(A).

To refute the finding of fraudulent intent, Appellants rely on an advice-of-counsel defense. While this defense is available to debtors acting reasonably and in good faith on their attorneys' advice, the defense must be asserted in the bankruptcy court before this court may consider it on appeal. Appellants did not assert the defense in their answer to Appellee's complaint or in their response to Appellee's motion for summary judgment.[7] At trial, Appellants' testimony only alluded to the fact that their stated inaccuracies were the result of reliance on incorrect advice given by their attorney.

Nevertheless, even if the defense was properly asserted, Appellants' reliance must be reasonable and in good faith. Here, Appellants knowingly under penalty of perjury filed schedules and a statement of financial affairs which failed to disclose all of their property and debts. Now, at this stage in the game, "[they] cannot, merely by playing ostrich and burying [their] head[s] deeply enough in the sand, disclaim all responsibility for statements which [they have] made under oath." *Boroff v. Tully* (*In re Tully*), 818 F.2d 106, 111 (1st Cir. 1987). Appellants, through their efforts to evade disclosure of their assets and to mislead creditors in an attempt to save their business, have sufficiently demonstrated that they possessed the requisite intent to commit fraud under 11 U.S.C. § 727(a)(4)(A).

In their second issue on appeal, Appellants contend the bankruptcy court erred in placing the burden on them to disprove fraudulent intent by a preponderance of the evidence. However, while it is true that an objecting party at all times has the burden of proving the objection to discharge by

---

[7] Based on the bankruptcy court's Order Denying Summary Judgment and Setting Trial, it is clear Appellants did not raise a defense of reliance on advice of counsel in its pleadings or motions prior to the commencement of trial. Advers. Dkt. 28 at 7-8. ("The evidence demonstrates that the [Appellants] knew they owned various assets but **used their own self judgment** and decided not to disclose them.") (emphasis added).

a preponderance of the evidence, established Fifth Circuit authority allows a court to require a debtor to offer credible evidence that he did not intend to defraud the estate once the objecting party has met its *prima facie* burden.  Thus, as Appellee had firmly established a reasonable basis for believing that Appellants intended to defraud their creditors by knowingly filing false oaths, the bankruptcy court properly required Appellants to respond with credible evidence that they were entitled to a discharge.  Since Appellants were unable to meet this burden, the court concluded Appellants acted knowingly and fraudulently when filing their schedules and statement of financial affairs.  This finding was not clearly erroneous.  After a full review of the record, the parties' arguments, and the applicable law, the Appellants' points of error are **OVERRULED**.  The bankruptcy court's decision to deny Appellants' discharge pursuant to 11 U.S.C. § 727(a)(4)(A) is **AFFIRMED**.

Signed at Houston, Texas on August 31, 2007.

_____
Gray H. Miller
United States District Judge